# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-0960V
UNPUBLISHED

| | |
|---|---|
| TRACY SPRINKLE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Zoe Wade, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On August 3, 2020, Tracy Sprinkle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on September 29, 2019, she suffered from a right shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. On December 12, 2022, I issued a Ruling, finding that the records supported Petitioner's contention that the September 29, 2019 vaccination was likely administered to Petitioner's right shoulder as she alleged. Ruling at 1, 4 (ECF No. 25). Petitioner further alleges that she suffered the sequela of this injury for more than six months. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 3, 2023, Respondent filed his Amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 2. Specifically, Respondent stated that while he preserves his right to appeal my December 12, 2022, Ruling, Respondent submits that Petitioner has otherwise satisfied the legal prerequisites for compensation under the Vaccine Act. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D), 300aa-13(a)(1). *Id.* at 2. Respondent further agrees that given my Ruling, Petitioner's injury stemming from the flu vaccination on September 29, 2019, is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically,

> petitioner had no history of pain, inflammation, or dysfunction of his right shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). DICP did not identify any other causes for petitioner's injury, and records show that she suffered the sequela of this injury for more than six months. Based on the medical records outlined above, petitioner has met the statutory requirements for entitlement to compensation *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master